UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EUGENE TAYLOR, IV** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-1549** |
| **KILOLO KIJAKAZI, ET AL.** | **SECTION L(4)** |

### ORDER & REASONS

Before the Court is Plaintiff Eugene Taylor's Motion to Reopen Case. R. Doc. 10 Considering the record, the briefing, and the applicable law, the Court will deny the pending motion for the following reasons.

On May 9, 2023, Mr. Taylor filed the present *pro se* lawsuit asserting various unspecified contractual and fraud claims against the Social Security Administration and former Acting Commissioner of the Social Security Administration, Kilolo Kijakazi. R. Doc. 1. Since the filing of his suit, Mr. Taylor has yet to perfect service on any of the named Defendants or take any other action in the matter. R. Doc. 4. As such, this Court notified Mr. Taylor by mail on August 8, 2024 that he was required to appear in open court to show cause why his claims should not be dismissed for failure to prosecute. R. Doc. 6. On October 2, 2024, Mr. Taylor failed to appear in court as instructed. R. Doc. 8. Thus, a show cause order was issued requiring that he submit in writing why dismissal of his claims is not warranted by October 16, 2024. *Id.* Mr. Taylor subsequently failed to respond by that date, so this Court issued an order on October 28th, 2024, dismissing his case without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). R. Doc. 9.

Six months after the dismissal of his claims, Mr. Taylor now moves this Court to reopen his case. R. Doc. 10. Other courts faced with similar motions to reopen suits have considered them under Federal Rule of Civil Procedure 60. *See Eleby v. Am. Med. Sys., Inc.*, 795 F.2d 411, 412 (5th Cir.

1

1986). Rule 60(b) governs relief from a final judgment when the relief requested is not based upon a clerical mistake, oversight, or omission of the court. Under Rule 60(b), a court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

A district court's decision to grant or deny a Rule 60(b) motion will be reviewed for abuse of discretion. *Delgado v. Shell Oil Co.,* 231 F.3d 165, 182 (5th Cir. 2000); *Barrs v. Sullivan,* 906 F.2d 120, 121 (5th Cir. 1990). The Fifth Circuit has held that "Rule 60(b) motions 'will be granted only if extraordinary circumstances are present.'" *Hess v. Cockerell,* 281 F.3d 212, 216 (5th Cir. 2002) (quoting *Bailey v. Ryan Stevedoring Co.,* 894 F.2d 157, 160 (5th Cir. 1990)); *see also In re Pettle,* 410 F.3d 189, 191 (5th Cir. 2005).

Applying this standard to the instant motion, the Court finds that Mr. Taylor has made no arguments nor demonstrated any facts that would support a finding that extraordinary circumstances exist here to warrant vacating the dismissal of his claims. Indeed, Mr. Taylor admits himself that he has "never appeared" in the case despite numerous court orders compelling him to do so. *Ceasar v. Cayce*, No. CV 18-13869, 2019 WL 13249452, at *1 (E.D. La. June 3, 2019) (quoting *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991)) (noting that while district courts are to give a liberal construction to *pro se* papers, *pro se* plaintiffs' "ignorance of or unfamiliarity with court proceedings" does not relieve him of his responsibility to follow court orders). Moreover, he has waited almost half a year to attempt to reopen his case but provides no basis for such an extreme

delay that would constitute "excusable neglect." *Lionheart Dev., LLC v. Apex Bldg. Sys., LLC*, No. CIV.A. 08-4070, 2009 WL 3241576, at *1 (E.D. La. Oct. 1, 2009) (granting a motion to reopen where plaintiff moved with speed to vacate dismissal, indicating it had not "lost interest in the suit"). Although not the basis for this ruling, the Court also notes that granting such an extraordinary remedy would be imprudent when Mr. Taylor may be able to file a new action against the Defendants, who were dismissed without prejudice, assuming any cause of action has not prescribed or that any other procedural or substantive hurdles exist. *Theard v. Dep't of Civ. Serv., Louisiana*, No. CIV.A. 10-4165, 2012 WL 6161944, at *7 (E.D. La. Dec. 11, 2012). Accordingly;

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reopen Case, R. Doc. 10, is **DENIED**.

New Orleans, Louisiana, this 13th day of May, 2025.

_____
Eldon E. Fallon
U.S. District Court Judge

Cc: Mr. Eugene Hathon Taylor, IV
701 Loyola Ave.
New Orleans, LA 70113